# EXHIBIT A

PANSINI, MEZROW & DAVIS
BY:   MICHAEL O. PANSINI, ESQUIRE
I.D.   #44455
BY:   STEVEN M. MEZROW, ESQUIRE
I.D.:   43746
BY:   ADAM C. DAVIS, ESQUIRE
I.D.:   207186
1525 LOCUST STREET
15TH FLOOR
PHILADELPHIA, PA 19102



THIS IS A MAJOR JURY TRIAL

*Filed and Attested by the
Office of Judicial Records
28 DEC 2022 04:07 pm
G. IMPERATO*

**Attorneys for Plaintiff**

---

| | |
|---|---|
| ANGELA  SCHALALBEO | COURT OF COMMON PLEAS |
| | PHILADELPHIA COUNTY |
| vs. | |
| DAMCO DISTRIBUTION SERVICES, INC., THE MAERSK GROUP, MAERSK, DCLI, MAERSK EQUIPMENT SERVICE, COMPANY, INC. t/a DIRECT CHASSISLINK, INC., DIRECT CHASSISLINK, INC., MSC, MEDITERRANEAN SHIPPING CO. USA, HERCULES CHASSIS and HERCULES ENTERPRISES | COMPLAINT AND JURY DEMAND |
| | No. 221101563 |

---

## CIVIL ACTION COMPLAINT - NOTICE TO DEFEND
## 2O- OTHER PERSONAL INJURY

YOU HAVE BEEN SUED IN COURT. IF YOU WISH TO DEFEND AGAINST THE CLAIMS SET FORTH IN THE FOLLOWING PAGES, YOU MUST TAKE ACTION WITHIN TWENTY (20) DAYS AFTER THIS COMPLAINT AND NOTICE ARE SERVED, BY ENTERING A WRITTEN APPEARANCE PERSONALLY OR BY AN ATTORNEY AND FILING IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU. YOU ARE WARNED THAT IF YOU FAIL TO DO SO THE CASE MAY PROCEED WITHOUT YOU AND A JUDGMENT MAY BE ENTERED AGAINST YOU BY THE COURT WITHOUT FURTHER NOTICE FOR ANY MONEY CLAIMED IN THE COMPLAINT OR FOR ANY OTHER CLAIM OR RELIEF REQUESTED BY THE PLAINTIFF. YOU MAY LOSE MONEY OR PROPERTY OR OTHER RIGHTS IMPORTANT TO YOU.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Philadelphia Bar Association
Lawyer Referral and Information Service
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-1701

LE HAN DEMANDADO A USTED EN LA CORTE. SI USTED QUIERE DEFENDERSE DE ESTAS DEMANDAS EXPUESTAS EN LAS PAGINAS SIGUIENTES, USTED TIENE VIENTE (20) DIAS, DE PLAZO AL PARTIR DE LA FECHA DE LA DEMANDA Y LA NOTIFICATION. HACE FALTA ASENTAR UNA COMPARENCIA ESCRITA O EN FORMA ESCRITA SUS DEFENSAS O SUS OBJECIONES A LAS DEMANDAS EN CONTRA DE SU PERSONA. SEA AVISADO QUE SI USTED NO SE DEFIENDE, LA CORTE TOMARA MEDIDAS Y PUEDE CONTINUAR LA DEMANDA EN CONTRA SUYA SIN PREVIO AVISO O NOTIFICACION. ADEMAS, LA CORTE PUEDE DICIDIR A FAVOR DEL DEMANDANTE Y REQUIERE QUE USTED CUMPLA CON TODAS LAS PROVISIONES DE ESTA DEMANDA. USTED PUEDE PERDER DINERO O SUS PROPIEDADES U OTROS DERECHOS IMPORTANTES PARA USTED.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

Asociacion de Liceneados de Filadelphia
Servicio de Referencia e Informacion Legal
One Reading Center
Filadelfia, Pennsylvania 19107
(215) 238-1701

PANSINI, MEZROW & DAVIS
BY:   MICHAEL O. PANSINI, ESQUIRE
I.D.   #44455
BY:   STEVEN M. MEZROW, ESQUIRE
I.D.:   43746
BY:   ADAM C. DAVIS, ESQUIRE
I.D.:   207186
1525 LOCUST STREET
15TH FLOOR
PHILADELPHIA, PA 19102

**THIS IS A MAJOR JURY TRIAL**

**Attorneys for Plaintiff**

| | | |
|---|---|---|
| ANGELA  SCHALALBEO | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| vs. | : | |
| | : | |
| DAMCO DISTRIBUTION SERVICES, | : | |
| INC., THE MAERSK GROUP, | : | |
| MAERSK, DCLI, MAERSK | : | COMPLAINT AND JURY DEMAND |
| EQUIPMENT SERVICE, COMPANY, | : | |
| INC. t/a DIRECT CHASSISLINK, INC., | : | |
| DIRECT CHASSISLINK, INC., MSC, | : | |
| MEDITERRANEAN SHIPPING CO. | : | |
| USA, HERCULES CHASSIS and | : | |
| HERCULES ENTERPRISES | : | No. 221101563 |

## PLAINTIFF'S CIVIL ACTION COMPLAINT
## 2O - OTHER PERSONAL INJURY

1.      Plaintiff, **ANGELA SCHALALBEO**, is a citizen of the Commonwealth of Pennsylvania, residing at 1202 Emily Street, Philadelphia, PA 19148.

2.      Defendant, **DAMCO DISTRIBUTION SERVICES, INC.,** is a Pennsylvania corporation and/or a foreign corporation and/or an unincorporated association and/or a public corporation and/or a partnership and/or a sole proprietorship which, at all times relevant herein has engaged in business within the County of Philadelphia, Commonwealth of Pennsylvania, on a regular, systematic, continuous and substantial basis.   Said Defendant maintains an office and/or registered address for service of process at 600 North 2nd Street, Suite 401, Harrisburg, Pennsylvania 17101.

Case ID: 221101563

3.      Defendant, **THE  MAERSK GROUP,** is a Pennsylvania corporation and/or a foreign corporation and/or an unincorporated association and/or a public corporation and/or  a partnership and/or a sole proprietorship which, at all times relevant herein has engaged in business within the County of Philadelphia, Commonwealth of Pennsylvania, on a regular, systematic, continuous and substantial basis.  Said Defendant maintains an office and/or registered address for service of process at Esplanaden 50, 1263 Kobenhavn K, Havenstaten, Denmark.

4.      Defendant, **MAERSK,** is a Pennsylvania corporation and/or a foreign corporation and/or an unincorporated association and/or a public corporation and/or  a partnership and/or a sole proprietorship which, at all times relevant herein has engaged in business within the County of Philadelphia, Commonwealth of Pennsylvania, on a regular, systematic, continuous and substantial basis.  Said Defendant maintains an office and/or registered address for service of process at with its principle place of business located at 180 Park Avenue, Florham Park, New Jersey 07932.

5.      Defendants **DAMCO DISTRIBUTION SERVICES, INC., THE MAERSK GROUP AND MAERSK** will hereinafter be referred to collectively as "**MAERSK**" .

6.      Defendant, **DCLI,** is a Pennsylvania corporation and/or a foreign corporation and/or an unincorporated association and/or a public corporation and/or  a partnership and/or a sole proprietorship which, at all times relevant herein has engaged in business within the County of Philadelphia, Commonwealth of Pennsylvania, on a regular, systematic, continuous and substantial basis.  Said Defendant maintains an office and/or registered address for service of process at 3525 Whitehall Park Drive, Charlotte, NC 28273.

2

Case ID: 221101563

7.      Defendant, **MAERSK EQUIPMENT SERVICE COMPANY, INC. t/a DIRECT CHASSISLINK, INC.,** is a Pennsylvania corporation and/or a foreign corporation and/or an unincorporated association and/or a public corporation and/or  a partnership and/or a sole proprietorship which, at all times relevant herein has engaged in business within the County of Philadelphia, Commonwealth of Pennsylvania, on a regular, systematic, continuous and substantial basis.   Said Defendant maintains an office and/or registered address for service of process at 9300 Arrowpoint Boulevard, Charlotte, NC 28273.

8.      Defendant, **DIRECT CHASSISLINK, INC.,**  is a Pennsylvania corporation and/or a foreign corporation and/or an unincorporated association and/or a public corporation and/or  a partnership and/or a sole proprietorship which, at all times relevant herein has engaged in business within the County of Philadelphia, Commonwealth of Pennsylvania, on a regular, systematic, continuous and substantial basis.  Said Defendant maintains an office and/or registered address for service of process at c/o CT CORPORATION SYSTEM, 600 North 2nd Street, Suite 401, Harrisburg, PA 17101.

9.      Defendant, **MSC**, is a Pennsylvania corporation and/or a foreign corporation and/or an unincorporated association and/or a public corporation and/or  a partnership and/or a sole proprietorship which, at all times relevant herein has engaged in business within the County of Philadelphia, Commonwealth of Pennsylvania, on a regular, systematic, continuous and substantial basis.  Said Defendant maintains an office and/or registered address for service of process at S.A. Chemin Rieu 12-14, Geneva, Switzerland.

3

Case ID: 221101563

10.      Defendant, **MEDITERRANEAN SHIPPING CO. USA**, is a Pennsylvania corporation and/or a foreign corporation and/or an unincorporated association and/or a public corporation and/or  a partnership and/or a sole proprietorship which, at all times relevant herein has engaged in business within the County of Philadelphia, Commonwealth of Pennsylvania, on a regular, systematic, continuous and substantial basis.   Said Defendant maintains an office and/or registered address for service of process at 420 5th Avenue, New York, New York 10018.

11.      Defendant, **HERCULES CHASSIS** is a Pennsylvania corporation and/or a foreign corporation and/or an unincorporated association and/or a public corporation and/or a partnership and/or a sole proprietorship which, at all times relevant herein has engaged in business within the County of Philadelphia, Commonwealth of Pennsylvania, on a regular, systematic, continuous and substantial basis.  Said Defendant maintains an office and/or registered address for service of process at 321 Valley Road, Hillsborough Township, NJ 08844.

12.      Defendant, **HERCULES ENTERPRISES** is a Pennsylvania corporation and/or a foreign corporation and/or an unincorporated association and/or a public corporation and/or  a partnership and/or a sole proprietorship which, at all times relevant herein has engaged in business within the County of Philadelphia, Commonwealth of Pennsylvania, on a regular, systematic, continuous and substantial basis.  Said Defendant maintains an office and/or registered address for service of process at located at 321 Valley Road, Hillsborough, NJ 08844.

4

Case ID: 221101563

13.     At all times relevant hereto, Defendant, **MAERSK**, was engaged in the business of international ocean sea freight, including maintaining, storing and transporting shipping containers.

14.     Upon information and belief, at all times relevant hereto, Defendant **MAERSK** was the owner of the **MAERSK IZMIR** vessel which was the vessel being loaded with shipping containers when the incident hereinafter described occurred.

15.     Upon information and belief, at all times relevant hereto, **MSC and/or MEDITERRANEAN SHIPPING CO. USA** were engaged in the business of international sea freight, including owning, inspecting, maintaining and servicing shipping containers.

16.     Upon information and belief, at all times relevant hereto, **MSC and/or MEDITERRANEAN SHIPPING CO. USA** were the owners of the shipping container involved in the incident hereinafter described, Container # MSCU5162870.

17.     Upon information and belief, at all times relevant hereto, Defendants **HERCULES CHASSIS and/or HERCULES ENTERPRISES** were engaged in the business of manufacturing, selling and distributing chassis for use in transporting shipping containers.

18.     Upon information and belief, **HERCULES CHASSIS and/or HERCULES ENTERPRISES**, were the manufacturers of Chassis # MAEC628352, which was the chassis involved in the incident hereinafter described.

Case ID: 221101563

19.     At all times relevant hereto, Defendants, **DCLI, MAERSK EQUIPMENT SERVICE COMPANY t/a DIRECT CHASSISLINK, INC. and DIRECT CHASSISLINK, INC.**, were engaged in the business of selling, distributing, marketing, leasing, recommending, choosing, selecting, approving and/or maintaining chassis for use in transporting shipping containers at international sea ports, including GREENWHICH TERMINAL, in Philadelphia, PA, the site of the incident hereinafter described.

20.     Upon information and belief, at all times relevant hereto, Defendants, **DCLI, MAERSK EQUIPMENT SERVICE COMPANY t/a DIRECT CHASSISLINK, INC. and DIRECT CHASSISLINK, INC.**, were the owners and/or lessors of Chassis # MAEC628352, which was the chassis involved in the incident hereinafter described.

21.     On or about November 18, 2020, Plaintiff, **ANGELA SCHALALBEO** was in the course and scope of her employment, seated in the cab of the tractor she was operating at GREENWHICH TERMINAL in Philadelphia, PA.

22.     At all times relevant hereto, the tractor that Plaintiff **ANGELA SCHALALBEO** was operating was attached to a chassis, believed to be Chassis # MAEC628352 and the chassis had on it a container, believed to be Container # MSCU5162870.

23.     At all times relevant hereto, Plaintiff **ANGELA SCHALALBEO** was seated in her cab and when the shipping container on the chassis was hoisted upwards by a crane, the chassis and tractor were also lifted upwards, with the shipping container caught, stuck or connected to the trailer.

Case ID: 221101563

24.     Soon after being lifted upwards, the chassis and tractor, with **ANGELA SCHALALBEO** inside the cab of the tractor, suddenly disconnected, dropped and violently smashed into the ground.

25.     The subject chassis and/or shipping container were defective and dangerous.

26.     As a result of the aforementioned occurrence, and as a result of the negligence of Defendants and as a result of the defective chassis and/or shipping container and their defective design, manufacture and maintenance, Plaintiff, **ANGELA SCHALALBEO**, suffered severe and permanent injuries to her head and spine; he also sustained severe and permanent injuries to his bones, muscles, tendons, ligaments, nerves and tissues and aggravation and/or exacerbations of known and/or unknown pre-existing medical conditions.

27.     As a result of the aforementioned occurrence, the Plaintiff, **ANGELA SCHALALBEO**, believes, and therefore avers, that his injuries are permanent in nature.

28.     As a result of the aforementioned occurrence, Plaintiff, **ANGELA SCHALALBEO**, required extensive medical treatment.

29.     As a result of the aforementioned occurrence, the Plaintiff, **ANGELA SCHALALBEO**, suffered internal injuries of an unknown nature; she suffers severe aches, pains, mental anxiety and anguish, severe shock to her entire system and other injuries, the full extent of which are not yet known.

Case ID: 221101563

30.     As a result of the aforementioned occurrence, the Plaintiff, **ANGELA SCHALALBEO**, has in the past, and will in the future undergo severe pain and suffering, as a result of which has been in the past and will be in the future unable to attend to her usual duties and occupation, all to her great financial detriment and loss.

31.     As a result of the aforementioned occurrence, the Plaintiff, **ANGELA SCHALALBEO**, has been compelled, in order to effectuate a cure for the aforementioned injuries, to expend large sums of money for medicine and medical attention and may be required to expend additional sums for the same purposes in the future.

32.     As a result of the aforementioned occurrence, the Plaintiff, **ANGELA SCHALALBEO**, has been prevented from attending to her usual daily activities and duties and may be so prevented for an indefinite time into the future, all to her great detriment and loss.

33.     As a result of the aforementioned occurrence, the Plaintiff, **ANGELA SCHALALBEO**, suffered physical pain, mental anguish, and humiliation and may continue to suffer same for an indefinite time in the future.

34.     At all times relevant hereto, all Defendants were acting through their respective agents (actual, apparent or ostensible), servants and/or employees or some or all of the agents, servants and employees of other Defendants.

### COUNT I - STRICT LIABILITY 402A
### PLAINTIFF V. DAMCO DISTRIBUTION SERVICES, INC.,
### THE MAERSK GROUP AND MAERSK

35.     Plaintiff hereby incorporates by reference hereto all the averments and allegations contained in the foregoing paragraphs.

8

Case ID: 221101563

36.     The Defendants were responsible for the condition, maintenance and safety of the shipping container.

37.     At all times relevant hereto, the shipping container was defective and unreasonably dangerous for the environment at issue as it failed to have the necessary alarms and warnings to make it safe.

38.     The shipping container was defective and had dangerous and defective warning system(s) which the Defendants knew or should have known at all times material hereto.

39.     Despite this knowledge, some time prior to the date of incident, the Defendants owned, leased, used, serviced and/or maintained the shipping container without correcting and/or warning of the known defects and dangerous conditions.

40.     The aforementioned accident was caused by joint and several liability of the Defendants, their agents, servants and/or employees who were then and there acting within the course and scope their employment, and was due in no manner whatsoever to any act or failure to act on the part of Plaintiff.

41.     Defendants are strictly liable to the Plaintiff pursuant to §402A of the Restatement (Second) of Torts.

42.     At the time the Defendants placed the shipping container into the stream of commerce, the shipping container was in a defective condition.

43.     At the time the Defendants placed the shipping container into the stream of commerce, the shipping container was in a defective condition by reason of its improper design and the absence of proper warnings, notice and/or instruction to customers and foreseeable users as to the hazards when using the shipping container.

9

Case ID: 221101563

44.     The defective condition of the shipping container was a factual cause of plaintiff's injuries.

45.     The aforementioned accident resulting in injuries to Plaintiff, were factually caused by the conduct of said Defendants, acting directly through their agents and authorized representatives, in that they designed, distributed, maintained and/or sold the shipping container in a dangerous and unsafe condition for which Defendants are strictly liable to Plaintiff as a matter of law under the provisions of 402(a) of the Restatement of Torts(2d).

46.     As a result of the aforementioned defective condition(s), Plaintiff, **ANGELA SCHALALBEO**, suffered injuries and damages as set forth previously.

**WHEREFORE**, Plaintiff demands damages of the Defendants herein, solely, jointly and/or severally, in a sum in excess of Fifty Thousand ($50,000.00) Dollars plus delay damages, punitive damages, costs, interests, and other damages permitted by law. and employees of other Defendants.

### COUNT II - STRICT LIABILITY 402B
### PLAINTIFF V. DAMCO DISTRIBUTION SERVICES, INC., THE MAERSK GROUP AND MAERSK

47.     Plaintiff hereby incorporates by reference hereto all the averments and allegation contained in the foregoing paragraphs.

48.     The aforesaid injuries and resulting damages to Plaintiff were proximately caused by the conduct of Defendants, acting directly or through their agents and/or authorized representatives in that Defendants researched, designed, developed, tested,

10

Case ID: 221101563

inspected, distributed, packaged, labeled, sold, supplied, marketed, promoted and/or advertised that the shipping container was safe for its intended use, for which Defendants are strictly liable to Plaintiff as a matter of law under the provisions of 402B of the Restatement (Second) of Torts.

49.     The Defendants' statements and/or non-disclosures as heretofore alleged, were misrepresentations and/or non-disclosures of material fact.

50.     At all material times hereto, Defendants were engaged in the business as sellers, distributors, suppliers, and/or vendors of the shipping container.

51.     Defendants, through their advertising, labels, representations on shipping containers, distribution, packaging, supplying, marketing and/or promoting, made public misrepresentations or non-disclosures of material facts concerning the character and/or quality of the shipping container.

52.     As a result of Defendants' misrepresentations and/or non-disclosures of material facts concerning the container, they are strictly liable to Plaintiff as a matter of law under the provisions of 402B of the Restatement (Second) of Torts.

53.     In relying upon the misrepresentations and/or non-disclosures of material facts made by Defendants, the shipping container was purchased and/or used in the manner and for the purpose intended, as designed, developed, tested, inspected, distributed, packaged, supplied, labeled, sold, marketed, promoted and/or advertised by Defendants.

11

Case ID: 221101563

54.     As a direct and proximate result of the aforesaid advertisements, labels, misrepresentations and/or non-disclosures of material facts, Plaintiff, **ANGELA SCHALALBEO**, sustained severe and permanent injuries as alleged above.

**WHEREFORE**, Plaintiff demands damages of the Defendants herein, solely, jointly and/or severally, in a sum in excess of Fifty Thousand ($50,000.00) Dollars plus delay damages, punitive damages, costs, interests, and other damages permitted by law.

## COUNT III - STRICT LIABILITY 402A
## PLAINTIFF V. MSC AND MEDITERRANEAN SHIPPING CO. USA

55.     Plaintiff hereby incorporates by reference hereto all the averments and allegations contained in the foregoing paragraphs.

56.     Defendants sold, distributed, owned, serviced and/or maintained the shipping container in the ordinary course of Defendants' business.

57.     The Defendants were responsible for the condition, maintenance and safety of the shipping container.

58.     At all times relevant hereto, the shipping container was defective and unreasonably dangerous for the environment at issue as it failed to have the necessary alarms and warnings to make it safe.

59.     The shipping container was defective and had dangerous and defective warning system(s) which the Defendants knew or should have known at all times material hereto.

12

Case ID: 221101563

60.     Despite this knowledge, some time prior to the date of incident, the Defendants designed, distributed, marketed, serviced, maintained and/or sold the shipping container without correcting and/or warning of the known defects and dangerous conditions.

61.     The aforementioned accident was caused by joint and several liability of the Defendants, their agents, servants and/or employees who were then and there acting within the course and scope of their employment, and was due in no manner whatsoever to any act or failure to act on the part of Plaintiff.

62.     Defendants are strictly liable to the Plaintiff pursuant to §402A of the Restatement (Second) of Torts.

63.     At the time the Defendants placed the shipping container into the stream of commerce, the shipping container was in a defective condition.

64.     At the time the Defendants placed the shipping container into the stream of commerce, the shipping container was in a defective condition by reason of its improper design and the absence of proper warnings, notice and/or instruction to customers and foreseeable users as to the hazards when using the shipping container.

65.     The defective condition of the shipping container was a factual cause of plaintiff's injuries.

66.     The aforementioned accident resulting in injuries to Plaintiff, were factually caused by the conduct of said Defendants, acting directly through their agents and authorized representatives, in that they designed, distributed, maintained and/or sold the

13

Case ID: 221101563

shipping container in a dangerous and unsafe condition for which Defendants are strictly liable to Plaintiff as a matter of law under the provisions of 402(a) of the Restatement of Torts(2d).

67.     As a result of the aforementioned defective condition(s), Plaintiff, **ANGELA SCHALALBEO**, suffered injuries and damages as set forth previously.

**WHEREFORE**, Plaintiff demands damages of the Defendants herein, solely, jointly and/or severally, in a sum in excess of Fifty Thousand ($50,000.00) Dollars plus delay damages, punitive damages, costs, interests, and other damages permitted by law. and employees of other Defendants.

### COUNT IV - STRICT LIABILITY 402B
### PLAINTIFF V. MSC AND MEDITERRANEAN SHIPPING COMPANY

68.     Plaintiff hereby incorporates by reference hereto all the averments and allegation contained in the foregoing paragraphs.

69.     The aforesaid injuries and resulting damages to Plaintiff were proximately caused by the conduct of Defendants, acting directly or through their agents and/or authorized representatives in that Defendants researched, designed, developed, tested, inspected, distributed, packaged, labeled, sold, supplied, marketed, promoted and/or advertised that the shipping container was safe for its intended use, for which Defendants are strictly liable to Plaintiff as a matter of law under the provisions of 402B of the Restatement (Second) of Torts.

70.     The Defendants' statements and/or non-disclosures as heretofore alleged, were misrepresentations and/or non-disclosures of material fact.

Case ID: 221101563

71.    At all material times hereto, Defendants were engaged in the business as sellers, distributors, suppliers, and/or vendors of the shipping container.

72.    Defendants, through their advertising, labels, representations on shipping containers, distribution, packaging, supplying, marketing and/or promoting, made public misrepresentations or non-disclosures of material facts concerning the character and/or quality of the shipping container.

73.    As a result of Defendants' misrepresentations and/or non-disclosures of material facts concerning the container, they are strictly liable to Plaintiff as a matter of law under the provisions of 402B of the Restatement (Second) of Torts.

74.    The shipping container was in a defective condition at the time of Plaintiff's accident and was not substantially changed at the time of Plaintiff's accident from the time that the Defendants placed the shipping container into the stream of commerce.

75.    In relying upon the misrepresentations and/or non-disclosures of material facts made by Defendants, the shipping container was purchased and/or used in the manner and for the purpose intended, as designed, developed, tested, inspected, distributed, packaged, supplied, labeled, sold, marketed, promoted and/or advertised by Defendants.

76.    As a direct and proximate result of the aforesaid advertisements, labels, misrepresentations and/or non-disclosures of material facts, Plaintiff, **ANGELA SCHALALBEO**, sustained severe and permanent injuries as alleged above.

Case ID: 221101563

77.     As a result of the aforementioned defective condition(s), Plaintiff, **ANGELA SCHALALBEO**, suffered injuries and damages as set forth previously.

**WHEREFORE**, Plaintiff demands damages of the Defendants herein, solely, jointly and/or severally, in a sum in excess of Fifty Thousand ($50,000.00) Dollars plus delay damages, punitive damages, costs, interests, and other damages permitted by law. and employees of other Defendants.

### COUNT V - STRICT LIABILITY 402A
### PLAINTIFF V. DCLI, MAERSK SERVICE EQUIPMENT COMPANY
### t/a DIRECT CHASSISLINK, INC. AND DIRECT CHASSISLINK, INC.

78.     Plaintiff  hereby incorporates by reference hereto all the averments and allegations contained in the foregoing paragraphs.

79.     Defendants owned, sold, distributed, supplied and/or leased the subject chassis in the ordinary course of Defendants' business.

80.     The Defendants were responsible for the condition, maintenance and safety of the subject chassis.

81.     At all times relevant hereto, the subject chassis was defective and unreasonably dangerous for the environment at issue as it failed to have the necessary alarms and warnings to make it safe.

82.     At the time the Defendants placed the subject chassis into the stream of commerce, the chassis was in a defective condition.

16

Case ID: 221101563

83.    At the time the Defendants placed the chassis into the stream of commerce, the chassis was in a defective condition reason of its improper design and the absence of proper warnings, notice and/or instruction to customers and foreseeable users as to hazards when using the chassis.

84.    The subject chassis was defective and had dangerous and defective warning system(s) which the Defendants knew or should have known at all times material hereto.

85.    Despite this knowledge, some time prior to the date of incident, the Defendants designed, distributed, marketed, serviced, maintained and/or sold the subject chassis without correcting and/or warning of the known defects and dangerous conditions.

86.    The aforementioned accident was caused by joint and several liability of the Defendants, their agents, servants and/or employees who were then and there acting within the course and scope of their employment, and was due in no manner whatsoever to any act or failure to act on the part of Plaintiff.

87.    Defendants are strictly liable to the Plaintiff pursuant to §402A of the Restatement (Second) of Torts.

88.    At the time the Defendants placed the shipping container into the stream of commerce, the subject chassis was in a defective condition.

89.    At the time the Defendants placed the shipping container into the stream of commerce, the shipping container was in a defective condition by reason of its improper design and the absence of proper warnings, notice and/or instruction to customers and foreseeable users as to the hazards when using the subject chassis.

Case ID: 221101563

90.    The defective condition of the subject chassis was a factual cause of plaintiff's injuries.

91.    The aforementioned accident resulting in injuries to Plaintiff, were factually caused by the conduct of said Defendants, acting directly through their agents and authorized representatives, in that they designed, distributed, maintained and/or sold the subject chassis in a dangerous and unsafe condition for which Defendants are strictly liable to Plaintiff as a matter of law under the provisions of 402(a) of the Restatement of Torts(2d).

92.    As a result of the aforementioned defective condition(s), Plaintiff, **ANGELA SCHALALBEO**, suffered injuries and damages as set forth previously.

**WHEREFORE**, Plaintiff demands damages of the Defendants herein, solely, jointly and/or severally, in a sum in excess of Fifty Thousand ($50,000.00) Dollars plus delay damages, punitive damages, costs, interests, and other damages permitted by law. and employees of other Defendants.

### COUNT VI - STRICT LIABILITY 402B
### PLAINTIFF V. DCLI, MAERSK SERVICE EQUIPMENT COMPANY
### t/a DIRECT CHASSISLINK, INC. AND DIRECT CHASSISLINK, INC.

93.    Plaintiff hereby incorporates by reference hereto all the averments and allegation contained in the foregoing paragraphs.

94.    The aforesaid injuries and resulting damages to Plaintiff were proximately caused by the conduct of Defendants, acting directly or through their agents and/or authorized representatives in that Defendants researched, designed, developed, tested,

18

Case ID: 221101563

inspected, distributed, packaged, labeled, sold, supplied, marketed, promoted and/or advertised that the subject chassis was safe for its intended use, for which Defendants are strictly liable to Plaintiff as a matter of law under the provisions of 402B of the Restatement (Second) of Torts.

95.    The Defendants' statements and/or non-disclosures as heretofore alleged, were misrepresentations and/or non-disclosures of material fact.

96.    At all material times hereto, Defendants were engaged in the business as sellers, distributors, suppliers, and/or vendors of the subject chassis.

97.    Defendants, through their advertising, labels, representations on the subject chassis, distribution, packaging, supplying, marketing and/or promoting, made public misrepresentations or non-disclosures of material facts concerning the character and/or quality of the subject chassis.

98.    As a result of Defendants' misrepresentations and/or non-disclosures of material facts concerning the subject chassis, they are strictly liable to Plaintiff as a matter of law under the provisions of 402B of the Restatement (Second) of Torts.

99.    The shipping container was in a defective condition at the time of Plaintiff's accident and was not substantially changed at the time of Plaintiff's accident from the time that the Defendants placed the subject chassis into the stream of commerce.

100.   In relying upon the misrepresentations and/or non-disclosures of material facts made by Defendants, the subject chassis was purchased and/or used in the manner and for the purpose intended, as designed, developed, tested, inspected, distributed, packaged, supplied, labeled, sold, marketed, promoted and/or advertised by Defendants.

19

Case ID: 221101563

101.   As a direct and proximate result of the aforesaid advertisements, labels, misrepresentations and/or non-disclosures of material facts, Plaintiff, **ANGELA SCHALALBEO**, sustained severe and permanent injuries as alleged above.

**WHEREFORE**, Plaintiff demands damages of the Defendants herein, solely, jointly and/or severally, in a sum in excess of Fifty Thousand ($50,000.00) Dollars plus delay damages, punitive damages, costs, interests, and other damages permitted by law.

**COUNT VII - STRICT LIABILITY 402A**
**PLAINTIFF V. HERCULES CHASSIS AND HERCULES ENTERPRISES**

102.   Plaintiff  hereby incorporates by reference hereto all the averments and allegations contained in the foregoing paragraphs.

103.   Defendants manufactured, sold, distributed, supplied and/or leased the subject chassis in the ordinary course of Defendants' business.

104.   The Defendants were responsible for the condition of the subject chassis.

105.   At all times relevant hereto, the subject chassis was defective and unreasonably dangerous for the environment at issue as it failed to have the necessary alarms and warnings to make it safe.

106.   At the time the Defendants placed the subject chassis into the stream of commerce, the chassis was in a defective condition.

107.   At the time the Defendants placed the chassis into the stream of commerce, the chassis was in a defective condition reason of its improper design and the absence of proper warnings, notice and/or instruction to customers and foreseeable users as to hazards when using the chassis.

20

Case ID: 221101563

108.   The subject chassis was defective and had dangerous and defective warning system(s) which the Defendants knew or should have known at all times material hereto.

109.   Despite this knowledge, some time prior to the date of incident, the Defendants designed, distributed, marketed, serviced, maintained and/or sold the subject chassis without correcting and/or warning of the known defects and dangerous conditions.

110.   The aforementioned accident was caused by joint and several liability of the Defendants, their agents, servants and/or employees who were then and there acting within the course and scope of their employment, and was due in no manner whatsoever to any act or failure to act on the part of Plaintiff.

111.   Defendants are strictly liable to the Plaintiff pursuant to §402A of the Restatement (Second) of Torts.

112.   At the time the Defendants placed the shipping container into the stream of commerce, the subject chassis was in a defective condition.

113.   At the time the Defendants placed the shipping container into the stream of commerce, the shipping container was in a defective condition by reason of its improper design and the absence of proper warnings, notice and/or instruction to customers and foreseeable users as to the hazards when using the subject chassis.

114.   The defective condition of the subject chassis was a factual cause of plaintiff's injuries.

115.   The aforementioned accident resulting in injuries to Plaintiff, were factually caused by the conduct of said Defendants, acting directly through their agents and authorized representatives, in that they designed, distributed, maintained and/or sold the

21

Case ID: 221101563

subject chassis in a dangerous and unsafe condition for which Defendants are strictly liable to Plaintiff as a matter of law under the provisions of 402(a) of the Restatement of Torts(2d).

116.    As a result of the aforementioned defective condition(s), Plaintiff, **ANGELA SCHALALBEO**, suffered injuries and damages as set forth previously.

**WHEREFORE**, Plaintiff demands damages of the Defendants herein, solely, jointly and/or severally, in a sum in excess of Fifty Thousand ($50,000.00) Dollars plus delay damages, punitive damages, costs, interests, and other damages permitted by law. and employees of other Defendants.

## COUNT VIII - STRICT LIABILITY 402B
## PLAINTIFF V. HERCULES CHASSIS AND HERCULES ENTERPRISES

117.    Plaintiff hereby incorporates by reference hereto all the averments and allegation contained in the foregoing paragraphs.

118.    The aforesaid injuries and resulting damages to Plaintiff were proximately caused by the conduct of Defendants, acting directly or through their agents and/or authorized representatives in that Defendants researched, designed, developed, tested, inspected, distributed, packaged, labeled, sold, supplied, marketed, promoted and/or advertised that the subject chassis was safe for its intended use, for which Defendants are strictly liable to Plaintiff as a matter of law under the provisions of 402B of the Restatement (Second) of Torts.

119.    The Defendants' statements and/or non-disclosures as heretofore alleged, were misrepresentations and/or non-disclosures of material fact.

Case ID: 221101563

120.   At all material times hereto, Defendants were engaged in the business as sellers, distributors, suppliers, and/or vendors of the subject chassis.

121.   Defendants, through their advertising, labels, representations on the subject chassis, distribution, packaging, supplying, marketing and/or promoting, made public misrepresentations or non-disclosures of material facts concerning the character and/or quality of the subject chassis.

122.   As a result of Defendants' misrepresentations and/or non-disclosures of material facts concerning the subject chassis, they are strictly liable to Plaintiff as a matter of law under the provisions of 402B of the Restatement (Second) of Torts.

123.   The shipping container was in a defective condition at the time of Plaintiff's accident and was not substantially changed at the time of Plaintiff's accident from the time that the Defendants placed the subject chassis into the stream of commerce.

124.   In relying upon the misrepresentations and/or non-disclosures of material facts made by Defendants, the subject chassis was purchased and/or used in the manner and for the purpose intended, as designed, developed, tested, inspected, distributed, packaged, supplied, labeled, sold, marketed, promoted and/or advertised by Defendants.

125.   As a direct and proximate result of the aforesaid advertisements, labels, misrepresentations and/or non-disclosures of material facts, Plaintiff, **ANGELA SCHALALBEO**, sustained severe and permanent injuries as alleged above.

Case ID: 221101563

**WHEREFORE**, Plaintiff demands damages of the Defendants herein, solely, jointly and/or severally, in a sum in excess of Fifty Thousand ($50,000.00) Dollars plus delay damages, punitive damages, costs, interests, and other damages permitted by law.

PANSINI, MEZROW & DAVIS

BY:   /s/ Michael O. Pansini
      MICHAEL O. PANSINI, ESQUIRE
      STEVEN M. MEZROW, ESQUIRE
      ADAM C. DAVIS, ESQUIRE
      **Attorney for Plaintiff**

**Date: 12/28/2022**

24

Case ID: 221101563

**VERIFICATION**

I,        Angela Schalalbeo        , state that I am the within named Plaintiff and that

the facts set forth in the foregoing  Plaintiff's Civil Action Complaint

are true and correct to the best of my knowledge, information and belief; and that this

statement is made subject to the penalties of 18 Pa. C.S.A. Section 4904 relating to

unsworn falsification to authorities.

_____

Angela Schalalbeo


**DATED:**  ___12/28/2022_____